UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES FURLONG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:03CV01091 RWS |
| ) | |
| APPIANT TECHNOLOGIES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motions for sanctions [#93, 94]. On April 14, 2005, I dismissed Plaintiffs' Second Amended Complaint for failure to meet the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C.§ 78u-4(b)(1)-(2) (the PSLRA) and Fed. R. Civ. P. 9(b), and because I determined that some of the alleged misrepresentations of the corporate officers were immaterial as a matter of law. Defendants filed their motion for mandatory findings regarding compliance with Rule 11 prior to the date Plaintiffs filed their Notice of Appeal. Defendants have moved the Court to sanction Plaintiffs for failing to comply with the requirements of Rule 11(b).

The PLSRA, 15 U.S.C. § 78u-4(c) states:

In any private action arising under this title [15 USCS §§ 78a et seq.], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.

Fed. R. Civ. P. 11(b) states:

Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

I have carefully reviewed all of the filings in this case, and I have determined that both parties and all attorneys involved have complied with each of the requirements of Rule 11(b). This was not a typical case. It involved a small group

of investors who each allegedly lost a great deal of money. Their case was not dismissed because it was frivolous. I dismissed the case because I determined the Plaintiffs had not met the heightened pleading requirements required by the PLSRA and Rule 9(b). To sufficiently plead a case under the PLSRA is, even for a skilled lawyer, a difficult task. Because I find no violations of Rule 11(b), I will deny Defendants' motions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions for sanctions [#93, 94] are **DENIED**.


Dated this 20th Day of June, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE
